IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| NEWMARKET CORP., and ) | |
| AFTON CHEMICAL CORP. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 3:10CV503–HEH |
| ) | |
| INNOSPEC, INC., and ) | |
| ALCOR CHEMIE VERTRIEBS GmbH, ) | |
| ) | |
| Defendants. ) | |

## <u>MEMORANDUM OPINION</u>
**(Plaintiffs' Motion for Leave to File Second Amended Complaint)**

This is an action for money damages brought by NewMarket Corporation and Afton Chemical Corporation (collectively known as "Plaintiffs") against Innospec, Incorporated and Alcor Chemie Vertriebs GmbH (collectively known as "Defendants") for alleged violations of the Sherman Act, the Robinson-Patman Act, and the Virginia Antitrust Act. On July 23, 2010, Plaintiffs filed a Complaint against Defendants in this Court. Defendants moved to dismiss the original Complaint on September 22, 2010. On October 4, 2010, Plaintiffs timely filed an Amended Complaint against Defendants as a matter of course pursuant to Rule 15 of the Federal Rules of Civil Procedure. Defendants then moved to dismiss the Amended Complaint. This matter is now before the Court on Plaintiffs' Joint Motion for Leave to File Second Amended Complaint, filed on December 31, 2010. The parties have submitted memoranda of law in support their respective positions. The Court will dispense with oral argument because the facts and

legal contentions are adequately presented in the materials presently before the Court and argument would not aid in the decisional process. For the reasons stated herein, Plaintiffs' motion is granted.

## I.

In their Amended Complaint, Plaintiffs allege that Defendants violated the Sherman Act, the Robinson-Patman Act, and the Virginia Antitrust Act by bribing government officials in Iraq and Indonesia to ensure the continuing sale in those countries of a fuel additive made by Defendants. Plaintiffs are NewMarket Corporation, a global holding company with various subsidiaries, and Afton Chemical Corporation, a wholly-owned subsidiary of NewMarket. Defendants are Innospec, Incorporated and its wholly-owned Swiss subsidiary, Alcor Chemie Vertriebs GmbH.

Both Plaintiffs and Defendants produce and sell chemical fuel additives that are designed to boost octane and enhance the performance of gasoline. Plaintiffs produce and export an additive named methylcyclopentadienyl manganese tricarbonyl ("MMT") while Defendants produce and export tetraethyl lead ("TEL"), a competing additive. Plaintiffs claim that Defendants allegedly paid bribes and promised kickbacks to Iraqi and Indonesian government officials to ensure the continued sale of TEL, to the detriment of Plaintiffs and their competing additive. These alleged bribes and kickbacks are claimed to have helped Defendants achieve, maintain, and exploit their monopoly of octane-boosting fuel additives and foreclosed Plaintiffs and other competitors from selling fuel additives in Iraq and Indonesia. It is further alleged that these Iraqi and

2

Indonesian officials conspired with Defendants to commit the claimed antitrust violations.

Count One of the Amended Complaint alleges violations of the Sherman Act, Count Two alleges violations of the Robinson-Patman Act, and Counts Three through Five allege violations of the Virginia Antitrust Act. The Amended Complaint also includes a plea agreement that Defendant Innospec entered into with the United States Department of Justice, in which Innospec admitted that it bribed government officials in Iraq and Indonesia to ensure ongoing sales of TEL, and pleaded guilty to violations of the Foreign Corrupt Practices Act.

## II.

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course within 21 days of a responsive pleading or 21 days following service of a motion pursuant to Rule 12(b), (e), or (f), whichever is earlier. Otherwise, a party seeking to amend its pleading must obtain the opposing party's written consent, or obtain leave of court to amend. "The court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), and the Supreme Court has held that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would ... [be] futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

## III.

In their motion, Plaintiffs state that leave is sought for the limited purpose of adding another relevant geographic market to its Sherman Act and Virginia Antitrust Act claims, contained in Counts One and Three of the Amended Complaint. Plaintiffs claim that after reviewing relevant documents and consulting with their expert economist, they should be granted leave to file a Second Amended Complaint in order to add Iraq as a separate relevant geographic market to their antitrust claims.

In support, Plaintiffs assert that their proposed amendment was not pursued in bad faith because leave was sought as soon as it was determined that a separate relevant geographic market should be added to the Amended Complaint. Furthermore, they argue that the proposed amendment will not prejudice Defendants since the parties are still in the early stages of the factual discovery period. According to Plaintiffs, at the time their motion was filed only one deposition had been conducted and no documents had been produced by either side, although the parties had begun to internally review documents in preparation for production. Plaintiffs also note that factual discovery is set to conclude on March 29, 2011, expert witness reports are not due until that date, and the trial is set to begin on May 23, 2011. Lastly, Plaintiffs argue that the proposed Second Amended Complaint would not be futile. In Plaintiffs' view, adding Iraq as a relevant geographic market is appropriate because Defendants have foreclosed all access to the Iraqi market, actual harm to competition occurred in Iraq, and Defendants engaged in price discrimination in Iraq. Alternatively, Plaintiffs contend that Iraq may be properly

4

considered a submarket under Supreme Court case law that permits submarkets within a broader relevant market under certain circumstances. All these factors, Plaintiffs argue, counsel in favor of permitting the filing of the proposed Second Amended Complaint.

In response, Defendants assert that the proposed amendment would be prejudicial to them and would impose substantial costs on both the parties and the judicial system. According to Defendants, by filing an Amended Complaint and thereby mooting Defendants' first motion to dismiss, Plaintiffs forced Defendants to incur the time and expense of filing a second motion to dismiss. In their view, permitting the proposed Second Amended Complaint would further add to the costs of this action, and the addition of Iraq as a relevant market would require costly and difficult discovery. Defendants urge the Court to deny leave to amend because they claim that the "case's duration is more than half over," (Defs.' Mem. Opp'n 7, ECF No. 37) and "substantial discovery" (*id.*) has already occurred based on the market definition set forth in the initial Amended Complaint, filed on October 4, 2010.

Defendants further object to the proposed amendment on the grounds that the addition of Iraq as a relevant geographic market is futile. Citing what is known as the single purchaser doctrine—that a geographic market cannot be defined for antitrust purposes to include an area occupied by only a single purchaser—Defendants claim that Plaintiffs' proposed amendment to the market definition would fail to survive a motion to dismiss. Finally, Defendants assert that the Fourth Circuit has rejected the idea that

submarkets exist within broader markets in the context of antitrust cases, undermining the viability of this theory.

## IV.

Under well-established case law, "leave to amend a pleading should be denied only if the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber*, 438 F.3d at 426. The Fourth Circuit has further held that the "absence of prejudice, though not alone determinative, will normally warrant granting leave to amend." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (citing *Wall v. Chesapeake & Ohio Ry.*, 339 F.2d 434 (4th Cir. 1964)). Disposition of Plaintiffs' motion thus turns on whether the proposed amendment is prejudicial to Defendants and whether the amendment would be futile.[1]

Turning first to the issue of prejudice to the opposing party, the Court is not persuaded that the addition of Iraq as a relevant market or submarket would prejudice Defendants. The Second Amended Complaint does not add a new cause of action, nor would it substantially change Plaintiffs' theory of the case. Instead, it enlarges the relevant geographic market in support of Plaintiffs' antitrust claims. The amendment stems from the same alleged factual premise raised in both the original and Amended Complaint, which logically placed Defendants on notice that the alleged events in Iraq

---

[1] Defendants have not asserted bad faith by the Plaintiffs and no argument or evidence was offered to support such a finding.

will be at issue in this case. With two months remaining in the discovery period, Defendants have ample opportunity to glean the factual basis for this claim.

Furthermore, this Court's decision with regard to prejudice to the opposing party is informed by the Fourth Circuit's opinion in *Ward Electronics Service, Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987). There, the Fourth Circuit reversed the district court's denial of leave to amend the complaint, holding that "a change in the theory of recovery and one prior amendment of the complaint are not sufficient to justify denial of leave to amend under the principles of *Foman* and *Davis*." 819 F.2d at 497. The motion to file a Second Amended Complaint in *Ward* was made one month before the scheduled close of a two and one-half month discovery period.

In this case, Plaintiffs moved for leave to file their Second Amended Complaint nearly three months prior to the close of the discovery period, and almost five months before the scheduled trial date. Additionally, although both parties concede that the document production phase of discovery has begun, it has not progressed to the point that permitting an amendment to the pleadings would cause prejudice to Defendants. Indeed, Defendants only produced their first set of documents to Plaintiffs approximately ten days after Plaintiffs filed this motion. Finally, as Plaintiffs note in their memorandum supporting their motion, only one deposition has occurred in this case to date. These factors demonstrate that Defendants will not be prejudiced if Plaintiffs are granted leave to file their Second Amended Complaint at this stage.

Turning to Defendants' futility argument, an amendment is futile only "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). Plaintiffs' proposed amendment to the relevant geographic market is not clearly insufficient, nor is it frivolous on its face. The U.S. Supreme Court has held that several relevant geographic markets can exist in an antitrust action. *See United States v. Marine Bancorporation*, 418 U.S. 602, 622 n.20, 94 S. Ct. 2856, 2870 (1974); *United States v. Pabst Brewing Co.*, 384 U.S. 546, 550–51, 86 S. Ct. 1665, 1668–69 (1966). The Supreme Court has also upheld the use of submarkets in antitrust cases in certain circumstances. *See Brown Shoe Co. v. United States*, 370 U.S. 294, 325, 82 S. Ct. 1502, 1524 (1962).

Although Defendants urge the Court to find the proposed amendment futile based on the single purchaser doctrine, Defendants point the Court to no persuasive authority from either the Supreme Court or the Fourth Circuit supporting Defendants' position— namely that a market dominated by a single purchaser cannot be considered a relevant market or submarket for antitrust purposes. At best, there appears to be some disagreement among courts as to the viability and applicability of the single purchaser doctrine. Upon due consideration of all the factors listed above, the Court finds that the proposed amendment is not futile.

## V.

Upon careful review of the proposed Second Amended Complaint, the Court's Scheduling Order, and the pertinent case law, the Court finds that Plaintiffs' proposed

Second Amended Complaint does not prejudice Defendants and is not futile. The motion is granted and Plaintiffs are permitted to file their Second Amended Complaint adding Iraq as a relevant geographic market. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Jan. 25, 2011
Richmond, VA